SAMUEL A. HOWES and another

*vs.*

INHABITANTS OF BELFAST.

Waldo.    Opinion January 18, 1881.

*R. S., c. 18, § 8.    Stat. 1875, c. 25, § 9.    Ways.    Increase of damages.*
*Judgment of county commissioners.*

Upon a petition for an increase of damages for land taken in widening a way, pending before the county commissioners, the mayor, by the authority of a vote of the city council, agreed with the petitioners to a reference as to the appraisal of the damages, and then by the authority of a subsequent vote of the city council, after the award of the referees, the mayor agreed with petitioners to have the sums awarded by the referees entered upon the records of the commissioners, *as the sum agreed upon by the parties.* It was so entered and judgment was duly entered in favor of the petitioners, *Held:*

1. That the judgment was not upon the award, but upon the agreement of the parties entered upon the record as provided by R. S., c. 18, § 8, as amended by stat. 1875, c. 25, § 9.

2. That the stat. 1875, c. 25, applies to the parties in interest, and by its provisions, the defendants were authorized to agree upon such an increase of damages.

3. That the agreement for an increase of damages entered upon the record, gave the commissioners power to render the judgment, and it is binding upon the parties.

ON REPORT.

Action of debt brought under the provisions of R. S., c. 18, § 31.    Writ dated September 16, 1879.

The opinion states the case.

*Philo Hersey*, for the plaintiffs, cited: R. S., c. 18, § 31; 45 Maine, 419; 31 Maine, 267; 32 Maine, 566; *Noble* v. *Merrill*, 48 Maine, 140; 34 Maine, 148; 31 Maine, 117; 32 Maine, 17; 37 Maine, 21; 40 Maine, 442; Wharton Ev. § 783; 3 Mass. 406; 7 Mass. 158; 17 Pick. 315; 13 Pick. 102; 9 Gray, 187; 8 Allen, 21; 100 Mass. 165.

*R. F. Dunton*, city soliciter, for the defendants.

The records of the county commissioners' court as they appear in evidence, are not judgments.    R. S., c. 18, § § 8, 13, 25, 31;

c. 78, § § 15, 16; stat. 1875, c. 25, § 9; *State* v. *McIntyre*, 53 Maine, 214; 3 Blackstone's Com. 395-401; *Nobleboro'* v. *Co. Com'rs*, 68 Maine, 548.

The county commissioners' court is a court of special and limited jurisdiction, and such court must act in the manner prescribed by statute, otherwise its acts are void. *Mathewson* v. *Sprague*, 1 Curt. 457.

The county commissioners' court had no jurisdiction or authority to enter judgment, and this may be shown by plea and proof, or by the record. The jurisdiction must appear from inspection of the record. *Penobscot R. R. Co.* v. *Weeks*, 52 Maine, 456; *Small* v. *Pennell*, 31 Maine, 267; *Scarborough* v. *Com'rs, of Cumberland Co.* 41 Maine, 604; *Nobleboro'* v. *Co. Com'rs*, 68 Maine, 548; *Thompson* v. *Blackhurst et als.* 28 E. C. L. 313.

The amendment of 1875, to § 8, of c. 18, R. S., does not affect the city charter of the city of Belfast, or authorize the city council to agree to increase the damages. City Charter of Belfast, § 7; Dillon on Mun. Corp. § 54.

The city council had no authority to submit the question of increase of damages to referees, and the city is not bound by their award. *Augusta* v. *Leadbetter*, 16 Maine, 45; *Griswell* v. *Stonington*, 5 Conn. 367; *Gillis* v. *Bailey*, 21 N. H. 149.

The submission to referees being void, no ratification of their award by the city council can bind the city. *Peterson* v. *Mayor*, &c. of N. Y. 17 N. Y. 449; Dillon on Mun. Corp. § 387.

The statute has fixed the mode of procedure on petition for increase of damages, and that mode must be strictly pursued. Dillon on Mun. Corp. § § 482, 478; *Mason* v. *Kennebec & Portland R. R. Co.* 31 Maine, 215; *Stowell* v. *Flagg*, 11 Mass. 364; *Stevens* v. *Middlesex Canal*, 12 Mass. 466; *Dodge* v. *Co. Com. of Essex*, 3 Met. 380.

LIBBEY, J. On the seventh of May, 1877, the city of Belfast, by proceedings duly had therefor, changed the location of High street, taking a certain quantity of the plaintiffs' land therefor, and appraised their damages at two thousand one hundred and fifty dollars. On the second day of June, 1877, another change

in the location of said street was duly made by said city, by which another portion of the plaintiff's land was taken, and their damages thereby were appraised at three hundred and twenty-five dollars.

The plaintiffs, feeling aggrieved by said appraisals of damage, filed petitions before the county commissioners of Waldo county at their April term, 1878, for an increase of damages. The petitions were duly entered, and notices ordered thereon, returnable at their August term, 1878. The notices were duly served on the city.

On the third of June, 1878, the city council, by concurrent vote, passed an order by which the mayor was ordered and directed, for and in behalf of the city, to agree and arrange with the parties interested adversely to the city, for the submission to one or more referees, to be selected by said parties and the mayor, of the question of increase of damages, on account of land taken by the city, to widen and straighten High street, and to bind the city to abide by the decision of the referees.

On the first day of July, 1878, the plaintiffs, and the mayor, in behalf of the city, entered into a statutory submission of the questions of increase of damages claimed by the plaintiffs to three referees.

On the second day of July, 1878, the referees, after hearing the parties, made their award, by which they appraised the damages by the first taking, at three thousand nine hundred and forty-nine dollars, and by the second taking, at four hundred and fifty-one dollars; and they awarded that the city pay the fees of the referees, taxed at seventy-five dollars.

On the fifth day of August, 1878, the city council, by a concurrent vote, passed an order by which the mayor was authorized and instructed to join with the plaintiffs, in the petitions pending before the county commissioners, for increase of damages, for the lands taken for High street, in having the award of the committee, (referees) who sat upon that question, entered upon the records of the county commissioners *as the sum agreed upon by the parties.*

At the August term of the commissioners, said sums were entered on their docket in each case respectively, as the sums

agreed upon by the parties, as the amount of damages for which judgment was to be rendered; and the proceedings were closed, and judgments were duly entered up accordingly.

The action is brought upon the judgments, and the only question really raised is, whether they are binding upon the parties.

We think they are valid and binding judgments. The county commissioners had jurisdiction of the subject matter, and of the parties. Proceedings were duly had, and the agreement of the parties to increase the damages was made and entered of record, and judgment duly entered in accordance with R. S., c. 18, § 8, as amended by act of 1875, c. 25, § 9.

The defendants raise several objections to the validity of the judgments, but they may all be disposed of under two heads.

1. It is claimed that the city council had no power to authorize or direct the reference, and therefore the reference and award are void. The answer to this point is, that, admitting it to be well taken, it in no way affects the judgments, or the plaintiff's right of action. The action is not on the awards, nor were the judgments rendered upon them. The reference was only a mode adopted by the parties for the appraisal of the damages. After that was done and the result known, the parties agreed that the damages should be increased accordingly, and the agreement was entered of record. The agreement was the basis of the judgment, and not the award.

2. It is claimed that the city council had no power to agree, or to authorize and instruct the mayor to agree, to an increase of damages as provided in the statute cited. This objection is based upon section seven of the city charter, which gives the city council power over the location and alteration of streets, and provides as follows : "And any person aggrieved by the decision or judgment of the city council, may, so far as relates to damages, have them assessed by a committee or jury as now by law provided." It is maintained in argument by the counsel for the defendants, that the true construction of this clause of the charter, limits the rights of any person aggrieved, to have his damages assessed by a committee or jury, to the provisions of law existing at the time

when the charter was granted.    We think this construction too strict.    It could not have been the intention of the legislature, that, while the rules of procedure on a petition for an increase of damages for lands taken for a highway or town way, might, by general statute, be changed as to all other towns and cities in this State, they must remain the same in Belfast.    Applying the language used to the subject matter to which it relates, we think the legislature intended that a person aggrieved by the action of the city council in appraising his damages, should have the right on his petition therefor, to have them assessed as provided by the general law of the state for the time being.

But if the defendants' construction is correct, the legislature has the power to amend their charter at pleasure ; and this may be done by a general law applicable to them as well as by a special act.    It certainly had power to authorize the city of Belfast, as well as all other parties in interest, to agree upon an increase of damages rather than incur the delay and costs of an assessment by a committee or jury.    The act of 1875 is general. It applies to all parties in interest, and by its provisions, the defendants were authorized to agree upon an increase of damages with the plaintiffs.    Such agreement gave the county commissioners power to render the judgments between the parties.

*Defendants defaulted.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.